# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SOFTWAREONE, INC.,

        **Plaintiff,**

v.                            Case No. 13-C-150

JUSTIN RENDE,
PAMELA MACRAE,
AARON JOHNS,
EN POINTE TECHNOLOGIES
SALES, INC., and EN POINTE
TECHNOLOGIES, INC.,

        **Defendants.**

## DECISION AND ORDER

This action alleging breach of contract by former employees and tortious inference with contract by their new employer was filed in the Circuit Court for Waukesha, Wisconsin. A temporary restraining order, granted by the state circuit court on February 8, 2013, temporarily restrains Defendants Justin Rende ("Rende") and Pamela MacRae ("MacRae") from inducing or attempting to induce any employee of Plaintiff SoftwareONE Inc., ("SoftwareONE") to terminate his or her employment relationship with SoftwareONE. It also requires Defendants En Pointe Technologies Sales Inc. and En Pointe Technologies, Inc. (collectively "En Pointe") or any individual or entity working in privity or concert with En Pointe to refrain from allowing, assisting, or participating or in any other way aiding Rende

or MacRae in any effort to induce any employee of SoftwareONE to terminate employment with SoftwareONE.

On February 13, 2013, the Defendants removed the case to this federal district court invoking jurisdiction based on 28 U.S.C. § 1332, because the action involves citzens of different states and an amount in controversy in excess of $75,000, exclusive of interest and costs. Following removal, the Defendants filed a consent to an extension of the temporary restraining order until March 25, 2013, so that the parties could explore resolution without incurring significant costs. (ECF No. 7.)

On March 14, 2013, SoftwareONE, Inc. filed a "verified" against individual Defendants Rende, Macrae, and Aaron Johns ("Johns"), and En Pointe. (ECF No. 10.) The added Johns as a defendant and added allegations that Johns breached his contract with SoftwareONE. A supplemental motion for a temporary restraining order to enjoin conduct by Johns and En Pointe was also filed by SoftwareONE – the motion relies upon its verified . (ECF No. 11.)

Rule 65(b)(A) of the Federal Rules of Civil Procedure states temporary restraining order may be granted *only if*:

> (A) specific facts in *an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

The is described as a "verified" Complaint. If a complaint is verified, 28 U.S.C. § 1746, as an affidavit must be, *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985), those parts of the

2

complaint that are made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the complaint become affidavit material. *Ford v. Wilson,* 90 F.3d 245, 247 (7th Cir. 1996).

The requirements for verification are contained in 28 U.S.C. § 1746(2) which requires that:

> the statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . .
>
>   (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

The "verification" provision of the Amended Complaint states:

> I, Craig Gadberry, verify that I am Vice President and General Manager for Plaintiff SoftwareONE, Inc., that I have knowledge of the facts stated in the Amended Verified Complaint, that I have read the above and foregoing and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

(Am. Compl. 15.) The above provision of the Amended Complaint does not substantially comply with the requirements of 28 U.S.C. § 1746 and, therefore, is not valid. SoftwareONE has not filed any affidavits in support of its motion. SoftwareONE has failed to fulfill the basic procedural requirements of obtaining a temporary restraining order. Therefore, SoftwareONE's motion for a supplemental temporary restraining order is denied.

3

The Court also notes that neither SoftwareONE nor the Defendants have addressed the need for security which is required prior to issuing any temporary restraining order or preliminary injunction. *See* Fed. R. Civ. P. 65(c). *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, 646 F.3d 424, 428 (7th Cir. 2011), cautions judges to "take care" that the bond is set high enough to cover the losses that their handiwork could cause. The appeals court's admonishment underscores the purpose of requiring a party obtaining an injunction to post security; that is, to compensate the enjoined party, if it prevails on the merits, for the pecuniary harm caused by a preliminary injunction. *Ty, Inc. v. Publ'n Int'l Ltd.,* 292 F.3d 512, 516 (7th Cir. 2002); *see also Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439, 446 (7th Cir. 1990).

Because the damages caused by an erroneous preliminary injunction cannot exceed the amount of the bond posted as security, and because an error in setting the bond too high is not serious, the court of appeals has stated that district courts should err on the high side when setting bond. *See Habitat Educ. Center v. U.S. Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010). While setting the bond amount is within this Court's discretion, it may not simply chose a high figure for bond based on what it thinks is appropriate; instead, it must articulate its reasons for the figure chosen so that a reviewing court can determine whether such figure "was within the range of options from which one could expect a reasonable trial judge to select." *Gateway E. Ry. Co. v. Terminal R.R. Assoc. of St. Louis*, 35 F.3d 1134, 1141-42 (7th Cir. 1994) (quoting *United States v. Koen*, 982 F.2d 1101, 1114 (7th Cir. 1992)).

4

There is a pending expedited non-dispositive motion for an extension of the original restraining order. (ECF No. 18.) If the original Defendants agree to an extension of the original temporary restraining order which would otherwise expire today, the parties should attempt to agree on the amount of the security bond that SoftwareONE must post. If that effort is unsuccessful, the parties should submit brief statements on the required amount of bond, and the reason(s) for the proposed amount. The original Defendants must first file their statement on bond. Then, within five business days of such filing, SoftwareONE must file its response and its own statement.

Also pending is SoftwareONE's motion for a preliminary injunction. (ECF No. 5.) The Court is in the process of scheduling a hearing on that motion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

SoftwareONE's motion for a temporary restraining order (ECF No. 11) as to Johns and En Pointe is **DENIED** without prejudice; and

5

In the event that the parties agree to extension of the original temporary restraining order, they **MUST FILE** a statement or statements on the amount of the security bond consistent with this Decision and Order.

Dated at Milwaukee, Wisconsin this 25th day of March, 2013.

**BY THE COURT**

_____
Hon. Rudolph T. Randa
U.S. District Judge

6